# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2010

No. 09-30726

Lyle W. Cayce
Clerk

SHANNON KOHLER,

Plaintiff - Appellant

v.

CHRISTOPHER JOHNSON,

Defendant - Appellee

Appeal from the United States District
Court for the Middle District of Louisiana
USDC No. 3:03-CV-857

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

In 2001, one Derrick Todd Lee began a terrifying spree around Baton Rouge, Louisiana, raping and killing three women. While investigating these crimes, law enforcement, acting pursuant to anonymous tips and a criminal profile, identified Shannon Kohler, the plaintiff and appellant here, as a person of interest. Detectives Christopher Johnson and David Hamilton asked Kohler for a swab of his DNA. Kohler refused, so Johnson obtained a seizure warrant from a judicial officer, and got Kohler's sample. After he was cleared of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30726

crimes, Kohler brought this Section 1983 suit against Johnson and others, alleging they had violated his Fourth Amendment rights. Following a winding procedural journey, Kohler was awarded $20,000 in compensatory damages against Detective Johnson only. Kohler, however, appeals, arguing the trial court erred in two ways: by quashing his subpoena to the City of Baton Rouge and issuing an accompanying protective order; and by denying, as a matter of law, his claim for punitive damages.

We hold that the trial court erred in dismissing Kohler's punitive damage claim, but that the trial court did not err in quashing the subpoena and granting the protective order. We therefore affirm in part, reverse in part, and remand for further proceedings on punitive damages.

I.

Kohler brought suit, under 42 U.S.C. § 1983, against Detective Johnson and several others, asserting that collecting the swab against his wishes violated his right to be free from unreasonable seizures, as provided by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Louisiana Constitution. The district court granted summary judgment to all defendants. Kohler appealed to this court.

On this first appeal, we affirmed the dismissal of all defendants except Detective Johnson.[1] We vacated the grant of summary judgment on the claim that Johnson had submitted a facially insufficient affidavit when he applied for the seizure warrant. *Kohler v. Englade*, 470 F.3d at 1115. We remanded this single claim, pretermitting the issue of qualified immunity because Johnson had

---

[1] We have previously stated the facts in some detail, and by reference, incorporate that discussion. See *Kohler v. Englade*, 470 F.3d 1104, 1106-08 (5th Cir. 2006).

No. 09-30726

not argued the defense when he moved for summary judgment. *Id.* at 1113 n.8. We made clear that we affirmed the district court's dismissal of Kohler's claim based on Johnson's omission of exculpatory information from the seizure affidavit. *Id.* at 1115.

On remand, Kohler and Johnson submitted cross motions for summary judgment. The district court found that, due to the abject deficiency of the affidavit, Johnson was not entitled to qualified immunity. The court also found that Johnson violated Kohler's constitutional rights by submitting the affidavit that ultimately caused the seizure of Kohler's DNA. The only remaining jury issue was the amount of Kohler's damages.

Six days before trial, Kohler issued a subpoena to the City of Baton Rouge seeking numerous documents. The City successfully moved to quash the subpoena, a protective order was issued, and the trial commenced.

At the close of Kohler's case, Johnson moved for judgment as a matter of law ("JMOL"). The claim for compensatory damages was permitted to proceed. Over Kohler's protest, the district court dismissed the claim for punitive damages. In granting the JMOL, the district court held that Kohler had failed to present evidence that demonstrated Johnson's requisite mental state. After Johnson presented his defense, the jury awarded Kohler $20,000 in compensatory damages. Kohler's motion for a new trial was denied. He appeals.

II.

On appeal, Kohler argues that the trial court erred on two grounds: by quashing the subpoena issued to the City of Baton Rouge and granting the accompanying protective order; and further by taking the question of punitive damages away from the jury.

No. 09-30726

A.

We review a district court's decision to quash a subpoena for an abuse of discretion and will affirm the court's decision unless it was "arbitrary or clearly unreasonable." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (footnotes and citation omitted).

Kohler argues that the documents would prove intent by showing that Johnson knew or should have known he had no reasonable basis to suspect Kohler was the serial killer. For present purposes, we will make this assumption. Kohler fails, however, to address the trial court's rationale for quashing the subpoena. The district court found, under Federal Rule of Evidence 403, "the tenuous relevance of such documents to be substantially outweighed by the danger of unfair prejudice as well as jury confusion." In the brief before us, Kohler devotes only one sentence of argument in response, and fails to cite any authority in support of reversing this finding of the district court. The argument is thereby waived. *See L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994); *see also* FED. R. APP. P. 28(a)(9)(A).

We thus hold the trial court did not err in quashing the subpoena and issuing an accompanying protective order.

B.

We turn now to decide whether the jury should have been allowed to decide the claim for punitive damages.

On appeal, Kohler argues that he presented sufficient evidence to the jury to support punitive, as opposed to compensatory, damages: Officer Hamilton reported to Johnson that he was unable to continue with the investigation, yet

No. 09-30726

Johnson continued to investigate Kohler;  Kohler had an alibi that was never checked out; Johnson sought a seizure warrant knowing that the bloody footprint left at the scene could not be Kohler's, as Kohler had a size thirteen foot, and the print at the scene was size ten or eleven;[2] Johnson's affidavit mentioned that Kohler had a burglary conviction, but Johnson failed to report a corresponding pardon; and Detective Hamilton told Kohler that, should he fail to cooperate, his name could wind up in the public records, and Johnson did, in fact, subsequently file, with the clerk of court, unsealed copies of the affidavit, warrant, and warrant return.

Johnson addresses each argument in turn:  Officer Hamilton was not reporting on the merits of the investigation against Kohler, but merely reporting Kohler's refusal to provide his DNA; Kohler's alibi was unspecified, and thus unworthy of investigation; Kohler's claim that Johnson omitted exculpatory information was barred, *see Kohler v. Englade*, 407 F.3d at 1114, and thus evidence thereof should not be considered to establish his mental state;  the shoe size disparity was not reason to cease investigating Kohler, as the footprint could have been left by someone other than the criminal; under Louisiana Law, a pardon is a mere "matter of grace from the state;" and the documents were publicly filed in order to accommodate Kohler's request that his DNA sample be expunged.

Under Federal Rule of Civil Procedure 50(a), "after a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on the

---

[2] It was later determined that the footprint was left not by the murderer, but by the victim's roommate.

issue" a district court may resolve the issue against the party by granting a motion for judgment as a matter of law. In resolving such motions, we view all of the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Hagan v. Echostar Satellite*, *L.L.C.*, 529 F.3d 617 (5th Cir. 2008). On the other hand, "[t]here must be a conflict in substantial evidence to create a jury question." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997) (quotation marks and citation omitted).

In a Section 1983 action, a plaintiff may be awarded punitive damages if "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990). The latter standard has been further defined as "subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003) (citations and footnotes omitted). In a post-*Smith* decision, the Supreme Court provided a less complex definition, stating that the standard "at a minimum, require[s] recklessness in its subjective form." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999). In *Kaufman County*, we found that the defendant was recklessly indifferent because his actions conflicted with "well-established" precedent requiring "individualized probable cause to search" individuals in a public place. 352 F.3d at 1015.

Accordingly, for us to reverse, we must determine that a reasonable jury could find that Johnson had an evil intent or motive, or that he was recklessly

indifferent to the federally protected rights of others. We believe that a reasonable jury could find that Johnson was recklessly indifferent.[3]

Although this is a very close case, and Johnson makes plausible, even strong, arguments that the evidence does not support a punitive damage award, Kohler obviously argues to the contrary, and we must view all of the evidence "in the light most favorable to the party opposed to the motion." *Hagan*, 529 F.3d at 622. It appears to us that the evidence presents a jury question as to whether punitive damages can be supported based on Johnson's conduct: he continued the investigation, even though Hamilton was unable to proceed; omitted from his affidavit the exculpatory information[4] regarding the footprint disparity and Kohler's pardon;[5] and subsequently publicly filed the affidavit. This evidence could support a finding by a reasonable jury that Johnson acted with reckless or callous indifference to Kohler's Fourth Amendment right to be free from unreasonable seizures. The district court therefore erred in granting the JMOL[6]

---

[3] We thus need not determine whether there is sufficient evidence to meet the heightened "evil motive or intent" standard.

[4] It is appropriate to consider the information that Johnson did not include in his affidavit, despite his argument to the contrary. We did rule that Kohler could not pursue his constitutional claim that was based upon these omissions, but we did not foreclose Kohler's use of the evidence underlying that constitutional claim for other purposes. *See Kohler v. Englade*, 407 F.3d at 1114. Here, the evidence is clearly relevant to Kohler's attempt to prove Johnson's intent.

[5] In reaching our conclusion, we do not rely upon Johnson's failure to investigate Kohler's alibi, or to apprise the judge of the alibi. Johnson testified that the alibi was never specified, and thus could not be investigated, and Kohler, during his case in chief, offered no evidence to support his claim. Although Kohler identifies the alibi on appeal, that evidence was not offered at trial and could not have been considered by the jury.

[6] We should note that the district court's error is in no small part due to the inadequacy of the plaintiff's response to the defendant's argument in support of the Rule 50 motion. We also note the inadequacy of the argument made in this respect in the Rule 59 post-verdict

No. 09-30726

pursuant to Federal Rule of Civil Procedure 50(a), and we reverse. The case is remanded for a trial on punitive damages alone.[7]

### III.

Because Kohler failed to support his claim with an argument, we hold the trial court did not err in quashing Kohler's subpoena and granting an accompanying protective order.

We, however, hold that the trial court erred in granting Johnson's motion for judgment as a matter of law on Kohler's punitive damage claim. In considering a JMOL, we must draw all reasonable inferences in favor of the nonmoving party. *Hagan*, 529 F.3d at 622. Applying this standard to the facts of this case, and to the threshold for punitive damages under Section 1983, we hold Kohler met his burden to avoid a JMOL. Specifically, we hold, drawing all factual inferences in Kohler's favor, he has presented sufficient evidence for a reasonable jury to find that, under *Williams v. Kaufman County*, 352 F.3d at 1015, Johnson, in seeking a warrant against Kohler, not only lacked probable cause but also acted with "subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." Accordingly, the case will be remanded for a trial on punitive damages or for such other proceedings and relief as are appropriate and not inconsistent with this opinion. The judgment

---

motion. Although the result in this case might be different if the defendant had made proper objections below or on appeal regarding the plaintiff's preservation of these errors, the defendant has been silent on such defaults at each step of the case.

[7]  In remanding for a trial solely on punitive damages, we should note that only the plaintiff appealed. The defendant did not appeal the $20,000 judgment against him and consequently we have no jurisdiction to address it any manner.

No. 09-30726

is therefore AFFIRMED in part and REVERSED in part, and the case is REMANDED.

AFFIRMED in part, REVERSED in part, and REMANDED.